IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JACKSON,

       Plaintiff,               No. CIV S-09-1872 DAD P

   vs.

STEVE PLESSER, et al.,          ORDER AND

       Defendants.       FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,

12   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

13   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

14   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

15   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

16   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

17   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

18   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

19   (1969).

20   The Civil Rights Act under which this action was filed provides as follows:

21   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
22   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
23   law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified as the defendants Sacramento County Assistant Public Defender Steve Plesser and Sacramento County Deputy District Attorney A.J. Pongrants.  In his complaint, plaintiff alleges that his right to legal counsel and his right to an assistant public defender have been violated.  Specifically, plaintiff alleges that he discussed his defense with his assigned public defender, Mr. Plesser, who then revealed it to Deputy District Attorney Pongrants.  Plaintiff also alleges that Mr. Plesser is improperly having Mr. Pongrants conduct the defense investigation.  Plaintiff notes that he was planning to file a Marsden motion in his criminal proceedings, but the presiding judge has denied his previous motions.  In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants this court to do for him, plaintiff requests that the court appoint proper counsel for him.  (Compl. at 3.)

## ANALYSIS

Under 42 U.S.C. § 1983, plaintiff has a right to be free from violations of constitutional guarantees by those acting under color of state law.  Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  However, plaintiff is advised that public defenders are not "state

3

1  actors" for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Miranda

2  v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); see also Briley v. State of

3  California, 564 F.2d 849, 855 (9th Cir. 1977) (privately-retained attorney does not act under

4  color of state law).

5          Plaintiff is also advised that where, as here, a state prosecutor engages "in

6  activities 'intimately associated with the judicial phase of the criminal process,'" he is entitled to

7  absolute immunity.  Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003).  See also Ashelman v.

8  Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely immune for

9  quasi-judicial activities taken within the scope of their authority.").

10         Finally, plaintiff is advised that this court is barred from directly interfering with

11 his ongoing criminal proceedings in state court, absent extraordinary circumstances.  See

12 Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985)

13 ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory

14 judgment action" as well as a section 1983 action for damages "where such an action would have

15 a substantially disruptive effect upon ongoing state criminal proceedings.").  Here, plaintiff has

16 not alleged extraordinary circumstances.  Younger, 401 U.S. at 48-50.  Of course, plaintiff may

17 raise his constitutional claims in his ongoing criminal proceedings in state court.  Lebbos v.

18 Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate

19 based on 'interest of comity and federalism [that] counsel federal courts to abstain from

20 jurisdiction whenever federal claims have been or could be presented in ongoing state judicial

21 proceedings that concern important state interests.'").

22         Accordingly, for all of the foregoing reasons, the court concludes that plaintiff's

23 complaint must be dismissed.[1]

24

25         [1]  Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner
   seeking to challenge the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th
26 Cir. 1991).  In contrast, habeas corpus proceedings are the proper mechanism for a prisoner

4

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's June 24, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2.  This action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2009.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack1872.56

---

seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  It appears from the face of the complaint that plaintiff's criminal proceedings in state court are ongoing.  If, at some point in the future, plaintiff seeks to overturn a state court conviction based on a claim that he received ineffective assistance of counsel or because of prosecutorial misconduct, he is advised that a writ of habeas corpus is his sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court.